UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                                                                          Case No. 21-CR-20354

      v.

                                                                         Hon. Jonathan J.C. Grey

D-23 Angelo Hopson,

          Defendant.

### United States' Sentencing Memorandum

      Angelo Hopson delivered dangerous drugs like fentanyl, cocaine, and cocaine base for the Mafia Insane Vice Lords ("MIVL"), a violent branch of the Almighty Vice Lord Nation ("AVLN") gang. On behalf of the MIVL, Hopson travelled throughout the country transporting and delivering his deadly product. For his involvement in the AVLN RICO and drug conspiracies—including distributing fentanyl—and because of his prior criminal history, the parties have agreed that a sentence of 180 months' imprisonment is appropriate.

    **I.**    **Facts**

      The AVLN is a violent national gang with a hierarchical chain of command and strict laws. (Presentence Investigation Report "PSR" ¶ 13). The AVLN is involved in murders, shootings, assaults, robberies, extortion, witness intimidation, and interstate drug trafficking of fentanyl, cocaine, cocaine base, heroin, ecstasy/MDMA, methamphetamine, prescription pills, and marijuana. (*Id.*).

Gang members sell drugs together and use the proceeds to obtain additional drugs. (*Id.*). They also pay dues to support the AVLN enterprise and its members. (*Id.*). Hopson admits his association with the AVLN, specifically the Mafia Insane Vice Lord ("MIVL") branch. (ECF No. 2565: Plea Agreement, PageID.38305).

As part of the RICO and drug conspiracies, Hopson distributed drugs and possessed drugs he intended to distribute, including drugs he obtained from other AVLN members. (ECF No. 2565: Plea Agreement, PageID.38305). For example, on February 4, 2021, Hopson and his MIVL cohorts coordinated the transport of drugs across state lines. Specifically, Hopson acted as courier and delivered heroin and cocaine to Detroit MIVL members. And on April 5, 2021, Hopson and other MIVL members arranged for him to have fentanyl delivered to Detroit. On April 7, 2021, Hopson was arrested while travelling in Indiana with approximately 2.5 kilograms of fentanyl.

In total, the drug amounts involved in the conspiracy because of Hopson's own conduct and the conduct of other co-conspirators that was reasonably foreseeable to him was 2,568 grams of fentanyl, 39.6 grams of heroin, and 8.2 grams of cocaine. (*Id.*).

II.     **The PSR properly calculated Hopson's guidelines range.**

The PSR properly calculated Hopson's guidelines range. Based on the drug amounts, his base offense level is 32 under § 2D1.1(a)(5). (PSR ¶ 58). But because of his career offender status his offense level is 37. (PSR ¶ 64). He receives a three-level reduction for acceptance of responsibility, resulting in a total offense level of 34. (*Id.*

at ¶¶ 65-66).  His criminal history category is VI, resulting in a guidelines range of 262 to 327 months.  (PSR at ¶ 119).

### III. The Court should impose a sentence of 180 months' imprisonment.

In the Rule 11 agreement the parties have agreed that a total sentence of 180 months' imprisonment is the appropriate disposition of this case.  (ECF No. 2565: Plea Agreement, PageID.38312).  While this agreement is outside the guidelines range as calculated in the PSR, it is commensurate with equally culpable defendants. The advisory guidelines range serves as "the starting point and the initial benchmark" and remains an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses.  *Gall v. United States*, 552 U.S. 38, 49 (2007).

The Court then considers the factors set forth in 18 U.S.C. § 3553(a) to impose a "sentence [that is] sufficient, but not greater than necessary."  *Id.*  The factors include: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for a sentence to reflect the basic aims of sentencing (including just punishment, deterrence, incapacitation, and rehabilitation); (3) the kinds of sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need for restitution.  *Id.*  The most relevant factors are discussed below.

   I.   **Section 3553(a) factors**

### A. Nature and Circumstances of the Offense

Much of the nature and circumstances of Hopson's offense conduct was discussed above. Without diminishing the typical drug conspiracy matters seen before this Court, Hopson's drug trafficking is significantly more serious because of his association with a violent, national gang, as well as the large amounts of fentanyl involved in the conspiracy—fentanyl which Hopson retrieved and transported.

### B. History and Characteristics of the Defendant

The PSR succinctly describes Hopson's criminal history and recidivism, "the defendant has been almost continuously involved in the criminal justice system since he was 16 years old. In that time, Hopson has been sentenced to probation and prison multiple times." (PSR ¶ 141). And Hopson committed the instant offense while on parole for multiple offenses. Clearly, his prior convictions and sentences were ineffective at curbing Hopson's proclivity for crime. A substantial sentence will hopefully finally dissuade Hopson from continued criminal behavior.

### C. Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense

Hopson's offense is serious, in large part because he committed his crimes in coordination with, and on behalf of, a violent criminal enterprise. Hopson leveraged his association to the AVLN to access a network of like-minded criminals with whom he could sell dangerous drugs, like fentanyl.

The Court should impose a sentence of 180 months' imprisonment—consistent with the parties agreement—a sentence that is sufficient but not greater than necessary to account for Hopson's gang association, drug trafficking, and criminal history, and to promote respect for the law, to provide just punishment, and to afford adequate deterrence.

                                            Respectfully submitted,

                                            Jerome F. Gorgon, Jr.
                                            United States Attorney

                                            */s Blake S. Hatlem*
                                            Blake S. Hatlem
                                            Barbara Lanning
                                            Assistant United States Attorneys
                                            211 W. Fort Street, Suite 2001
                                            Detroit, Michigan 48226-3211
                                            (313) 226-9613
                                            blake.hatlem@usdoj.gov

Dated: November 17, 2025

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2025, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

*/s Blake S. Hatlem*
Blake S. Hatlem
Barbara Lanning
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226-3211
(313) 226-9613
blake.hatlem@usdoj.gov